Richard HAAG, Plaintiff–Appellant,

v.

VILLAGE OF CAMDEN; Village of Camden Police Department; Paul Plaugher, Chief, Defendants–Appellees.

No. 01–3546.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*ORDER*

Richard Haag, an Ohio resident proceeding pro se, appeals the district court order dismissing his civil rights complaint brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Haag sued the Village of Camden, Ohio; the Village of Camden Police Department; and Police Chief Paul Plaugher for compensatory and punitive damages. He alleged that the defendants wrongfully arrested him and improperly investigated his case when they charged him with rape and corrupting another with drugs. Haag was arrested in April 1998, acquitted in September 1998, and filed suit in September 2000. The defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6), arguing, *inter alia*, that Haag's claim was barred by the statute of limitations. The district court agreed and dismissed Haag's complaint as untimely.

In his timely appeal, Haag argues that his claim accrued when he was acquitted of the criminal charges. He has also moved for the appointment of counsel.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *See Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed Haag's complaint as barred by the statute of limitations. Haag filed his suit more than two years after his claim accrued and no tolling provision applied to render the complaint timely. *See* Ohio Rev.Code § 2305.10; *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Kuhnle Bros., Inc. v. County of Geauga,* 103 F.3d 516, 519 (6th Cir.1997). Haag's § 1983 claim of an alleged wrongful arrest accrued at the time of his arrest in April

1998. *See McCune v. City of Grand Rapids,* 842 F.2d 903, 906 (6th Cir.1988). Effective January 13, 1991, Ohio law no longer tolls the statute of limitations because of a plaintiff's imprisonment. Ohio Rev.Code § 2305.16. The tolling provision Haag invoked, § 2305.15(b), tolls the statute of limitations for actions brought against, not by, prisoners. Thus, Haag's September 2000 complaint was untimely. *See* Ohio Rev.Code § 2305.10; *Kuhnle Bros., Inc.,* 103 F.3d at 519.

Haag's argument that his claim did not accrue until after he was acquitted of the charges against him is without merit. First, it is well-established that a § 1983 claim for wrongful arrest accrues at the time of the arrest. *McCune,* 842 F.2d at 906. Second, Haag conceded that his claim accrued in April 1998 when he filed his response to the defendants' motion to dismiss, and cannot take an inconsistent position on appeal. *See Marx v. Loral Corp.,* 87 F.3d 1049, 1056 (9th Cir.1996).

Accepting all of Haag's factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). For the foregoing reasons, we deny Haag's motion for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.